FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 NOV 22 PM 3:38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAN L. BRIGHT,<br><br>   Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL JOHN ASHCROFT,<br>FEDERAL BUREAU OF INVESTIGATION,<br>U.S. DEPARTMENT OF JUSTICE, and<br>UNITED STATES ATTORNEY JAMES<br>LETTEN,<br><br>   Defendants. | CIVIL ACTION<br><br>NUMBER:<br><br>SECTION:<br><br>SECT. F MAG 2 |

## COMPLAINT

Plaintiff Dan L. Bright ("Bright"), by his undersigned attorneys, complains of Defendants and avers as follows:

### PARTIES

1. Plaintiff Bright is an adult individual and a resident of Louisiana. He is currently serving a life sentence at the Louisiana State Penitentiary in Angola, Louisiana, located within the Eastern District of Louisiana.

2. Defendant United States Department of Justice ("Department of Justice") is an agency of the United States government operating throughout the United States, including within the State of Louisiana.

-1-

sf-1400686

3. Defendant Federal Bureau of Investigation ("FBI") is an agency of the United States government and a division of Department of Justice operating throughout the United States, including within the State of Louisiana.

4. Defendant John Ashcroft ("Ashcroft") is the United States Attorney General, the head of the Department of Justice, and was and is, at all times here relevant, acting in his official capacity.

5. Defendant James Letten ("Letten") is the United States Attorney for the Eastern District of Louisiana, and was and is, at all times here relevant, acting in his official capacity. Mr. Letten is an employee of the Department of Justice.

## JURISDICTION AND VENUE

6. This is an action for judicial review of final agency action pursuant to the Administration Procedures Act ("APA") 5 U.S.C. § § 702, *et. seq.* This Court has jurisdiction over the subject matter of this action based upon 28 U.S.C. § 1331 (federal question).

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(3) because the plaintiff resides in this District and the defendants are United States government agencies and officers of government agencies acting in their official capacity.

## GENERAL ALLEGATIONS

8. In July of 1996, Bright was convicted of first degree murder for the killing of Murray Barnes ("Barnes") and sentenced to death.

9. In April of 2000, the Louisiana Supreme Court found the evidence could not support a conviction for first degree murder, and modified the judgment to that of second degree murder. Bright's death sentence was converted to a life sentence.

10. At his trial, the only evidence presented against Bright was the testimony of Freddie Thompson ("Thompson"), who identified Bright as the person who shot Barnes. Thompson had been drinking steadily since before noon on the day of the murder. The murder occurred around midnight.

sf-1400686

11. There was no physical evidence suggesting that Bright was involved in shooting Barnes, and Bright did not confess to any involvement in the murder.

12. While on death row in Louisiana, Bright sought records, files, letters, reports, and/or documents pertaining to himself from the FBI pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act. He first requested these documents from FBI headquarters on September 26, 1999.

13. On November 9, 1999, FBI headquarters sent a letter to Bright stating that no records had been found responsive to his inquiry.

14. On December 13, 1999, Bright requested the same documents from the FBI's New Orleans field office.

15. Bright received a response from the FBI's New Orleans field office on January 5, 2000, stating that two files had been found responsive to his FOIA request. The FBI released 15 pages of redacted documents from one file. As to the other file, the FBI claimed 5 U.S.C. § 552(b)(7)(A) allowed the FBI to withhold the entire file, and did not produce the file.

16. On January 13, 2000, Bright appealed the FBI's entire response of January 5, 2000 to the Department of Justice.

17. In an undated letter referring to Bright's appeal, the Department of Justice acknowledged receipt of the appeal, assigned it appeal no. 001528, and noted "your appeal will be administratively adjudicated as quickly as possible."

18. On April 25, 2000, the Department of Justice responded to Bright's appeal by stating that it no longer was appropriate to withhold the documents pertaining to Bright in the unreleased file pursuant to 5 U.S.C. § 552(b)(7)(A). The Department of Justice stated that the FBI would process the unreleased file and make the records which could be released available to Mr. Bright. As to the redactions in the 15 pages previously released, the Department of Justice decided to continue withholding such information and informed Mr. Bright of his right to judicial review.

sf-1400686

19. Finally, after writing two letters inquiring about the status of the production of the second file, Mr. Bright received a response dated July 17, 2000 from the United States. The response indicated that 306 pages pertaining to Mr. Bright from New Orleans file 166E-NO-58945 were reviewed, but only 65 were being released under cover of the letter.

20. Of those 65 pages released, much of the information was heavily redacted, including the page numbered 166E-NO-58945-212, attached hereto as Exhibit A. Exhibit A included the following significant statement: "The source further advised that DANIEL BRIGHT, aka "Poonie," is in jail for the murder committed by XXXXXX." The word(s) following "by" in this sentence was redacted, as represented by "XXXXX." (The United States "reprocessed" the document attached as Exhibit A when it moved for summary judgment in a related FOIA action. The document is attached hereto in its "reprocessed" form.)

21. Bright first received Exhibit A in response to Bright's FOIA/Privacy Act request. The district attorneys prosecuting Bright never provided Exhibit A or the information contained in Exhibit A to Bright or his counsel. The FBI also did not provide Exhibit A or the information contained in Exhibit A to Bright or his counsel prior to responding to Bright's FOIA/Privacy Act request.

22. The July 17, 2000 communication from the United States informed Bright that portions of Exhibit A were withheld pursuant to 5 U.S.C. § 552 (b)(7)(C) and 5 U.S.C. § 552 (b)(7)(D). It also noted that excisions were made from pages pursuant to 5 U.S.C. § 552a(j)(2).

23. On April 30, 2001, Bright filed a motion for subpoena duces tecum in the Criminal District Court for the Parish of Orleans, State of Louisiana requesting a subpoena ordering Letten, on behalf of the Department of Justice and FBI, to provide a full and unedited version of the paragraph of Exhibit A that begins "The source further advised that Daniel Bright, aka 'Poonie' is in jail for the murder committed by."

24. The Criminal District Court issued the subpoena on May 11, 2001 and set the date of production for June 4, 2001.

4

25. On May 24, 2001, the United States filed a notice of removal to federal court. Bright subsequently filed a motion contesting removal.

26. The United States moved to quash the subpoena on June 19, 2001. The United States argued that sovereign immunity precluded enforcement of the subpoena. The United States also asserted that the information sought was protected from disclosure because it "would disclose investigative techniques and records compiled for law enforcement purposes," and thus the disclosure would "run afoul of the applicable regulations."

27. On August 21, 2001, Judge Feldman of the Eastern District of Louisiana denied Bright's motion to contest removal and granted the United States' motion to quash the subpoena. The District Court based its decision to quash the subpoena on the United States government's sovereign immunity and did not address the other arguments made by the United States for quashing the subpoena. The District Court noted that Bright "is not precluded from pursuing any administrative remedies that he may have."

28. Bright objected to the District Court's order and moved for reconsideration on August 24, 2001. The District Court denied this motion on September 17, 2001.

29. Bright filed a complaint in the Eastern District of Louisiana under FOIA and the Privacy Act to obtain an unredacted copy of Exhibit A. This case is currently pending as Civil Action # 02-1225 Sect. "F"(2).

## CLAIM FOR RELIEF
### (ADMINISTRATIVE PROCEDURE ACT - 5 U.S.C. § § 702-706)

30. Bright incorporates by reference paragraphs 1 to 29 above.

31. The FBI and/or Department of Justice have possession of an unredacted version of Exhibit A. In response to Bright's subpoena to Letten, Defendants improperly refused to produce a version of Exhibit A with the critical paragraph unredacted as requested in the subpoena, and instead moved to quash the subpoena.

32. The Defendants' refusal to produce the subpoenaed document together with their motion to quash the subpoena constituted final administrative action. Bright has exhausted his administrative remedies.

33.     Bright is informed and believes and on this basis alleges that the subpoenaed document contains exculpatory information. In particular, Bright is informed and believes and on that basis alleges that the information redacted from the sentence, "The source further advised that DANIEL BRIGHT, aka 'Poonie,' is in jail for the murder committed by XXXXXX," is the name of the person(s) the source identified as the real killer of Murray Barnes. Bright, therefore, is informed and believes that the information in the subpoenaed document is favorable to Bright and material to his guilt and/or punishment. The document also is likely to lead to the discovery of further favorable and material evidence, including the identity of possible favorable witnesses, such as the actual shooter. Bright is informed and believes that Defendants violated Bright's Constitutional rights to due process and compulsory process as guaranteed by the United States Constitution Amendments V, VI and XIV by refusing to produce the subpoenaed document. Because the Defendants' refusal to produce this document was contrary to constitutional right, power, privilege or immunity, the Defendants' action should be held unlawful and should be set aside pursuant to 5 U.S.C. § 706(2)(B).

34.     Defendants' refusal to produce this document in response to the subpoena also should be held unlawful and set aside pursuant to 5 U.S.C. § 706(2)(A) because it was arbitrary, capricious, an abuse of discretion, and not in accordance with law. In refusing to produce this document, Defendants provided no legitimate basis for withholding it.

35.     Defendants unlawfully withheld the document requested pursuant to the subpoena. Pursuant to 5 U.S.C. § 706(1), Defendants should be compelled to produce it.

36.     Bright does not have an adequate remedy at law. If Bright does not receive the document requested by the subpoena, he will be irreparably harmed. He will not receive critical evidence which could help exonerate him of the murder for which he is serving a life sentence. He could spend the rest of his life in prison as a result of Defendants' failure to produce this document.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Bright prays for the following relief:

(a) A judgment declaring that Defendants' failure to produce the document requested by the subpoena was unlawful.

(b) An injunction enjoining Defendants from withholding the document subpoenaed by Bright.

(c) In the alternative, an injunction requiring Defendants to produce the subpoenaed document to the Court for the Court to conduct an *in camera* review and provide the subpoenaed document to Bright if production of the document in its unredacted form is required to protect Bright's rights under the United States Constitution, including Amendments V, VI, and XIV.

(d) Attorneys' fees and costs.

(e) For such other and further relief as the Court may deem just and proper.

Dated: November 13th, 2002

CLIVE A. STAFFORD SMITH, La. Bar No. 14444
G. BEN COHEN, La. Bar No. 25370
636 Baronne Street
New Orleans, LA 70113
Tel: (504) 558-9867
Fax: (504) 558-0378

By: _____
Clive A. Stafford Smith
Attorneys for Plaintiff Dan L. Bright

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid, this 13th day of November, 2002.

                                          CLIVE A. STAFFORD SMITH
                                          Attorney for Plaintiff Dan L. Bright

sf-1403351

The source advised that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for ▓▓▓▓▓ after he ▓▓▓▓▓▓▓ who ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The source stated that because of this ▓▓▓▓▓▓▓ is ▓▓▓▓ in the ▓▓▓▓▓▓▓▓▓▓▓▓▓ even though he is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The source advised that ▓▓▓▓▓▓▓▓▓▓▓▓ which he is ▓▓▓▓▓▓▓▓▓▓▓ but is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The source stated that ▓▓▓▓▓▓▓▓ the source and two other individuals ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The source advised that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, as ▓▓▓▓ on a ▓▓▓▓▓▓▓▓▓ The source further advised that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in the ▓▓▓▓▓▓▓

The source stated that an individual known to the source as ▓▓▓▓▓▓▓▓▓▓▓ was recently ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The source advised that ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ an individual known to the source as ▓▓▓▓▓▓▓▓▓▓▓▓

The source also advised that murder that has not yet been solved occurred in the Desire project approximately 1 year ago. The source stated that an individual known as ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

67C
67D

The source further advised that DANIEL BRIGHT, aka "Poonie", is in jail for the murder committed by ▓▓▓▓▓ The source stated that he/she ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and how ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that BRIGHT ▓▓▓▓▓▓▓▓▓▓▓▓ because they ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The source further advised that he/she ▓▓▓▓▓▓▓▓ BRIGHT'S ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to the effect that ▓▓▓ "Poonie" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The source advised that another individual that is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and is ▓▓▓▓▓▓▓▓▓▓▓ "Poonie's" ▓▓▓▓▓▓▓▓▓▓▓▓ The source explained that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the ▓▓▓▓▓▓▓▓▓ "Poonie".

166E-NO-58945-212

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

DAN L. BRIGHT,

          Plaintiff,

v.

ATTORNEY GENERAL JOHN ASHCROFT,
FEDERAL BUREAU OF INVESTIGATION and
U.S. DEPARTMENT OF JUSTICE,

          Defendants

Docket #: 02-1225

SECT. I MAG. 1

## IN FORMA PAUPERIS DECLARATION

I, Dan L. Bright, declare that I am the petitioner in the above entitled case, that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefor; that I believe I am entitled to relief.

1    Are you presently employed? I am not presently employed or allowed to seek employment.

    a.    N/A

    b:    I was last employed on _____. My salary and wages were: _____.

2.    Have you received within the past twelve months any money from any of the following sources:

    a:    Business or self employment: -0-

    b:    Rent payment, interest or dividends: -0-

    c    Pensions, annuities or life insurance. -0-

  d: Gifts or inheritances: ~~0~~ .

  e: Any other sources: ~~0~~ .

If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: __N/A__

3. Do you own cash or do you have money in a checking or savings account? __NO__ (Yes or No) (include any funds in a prison account).

If the answer is yes, state the total value of the items owed. ~~0~~

4. Do you own any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing? __NO__ (Yes or No)

If the answer is yes, describe the property and state its approximate value. ~~0~~

5. List the persons who are dependent upon you for support, state your relationship to those persons and indicate how much you contribute toward their support: __(3) daughters, (1) son. I cann't support them because, I'm incarcerate.__

## VERIFICATION

I, Dan Bright declare, certify, verify and state, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on 04/08/02

Dan Bright
Signature of Petitioner

## INSTITUTIONAL CERTIFICATION

I hereby certify that the petitioner herein, Dan L. Bright, has the sum of $ Saving on 19.52  drawing 16.50 account to his credit at the Louisiana State Penitentiary where he is confined. I further certify that petitioner likewise has the following securities to his credit according to the records of the Louisiana State Penitentiary: Nine.

4/8/02
Authorized Officer of Institution

```
                                                    FILED
                                              U.S. DISTRICT COURT
                                              EASTERN DISTRICT OF LA
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF LOUISIANA 2002 APR 25 PM 2:37

                                              LORETTA G. WHYTE
DAN L. BRIGHT,                          :           CLERK
                Plaintiff,              :
                                        :     Docket #:02-1225
V.                                      :
                                        :     Section I, Magistrate 1
ATTORNEY GENERAL JOHN ASHCROFT,         :
FEDERAL BUREAU OF INVESTIGATION and     :
U.S. DEPARTMENT OF JUSTICE,             :
                Defendants              :
                                        :
```

## ORDER

Pursuant to the foregoing declaration, the Court hereby **GRANTS** plaintiff Dan L. Bright indigent status, and authorizes the filing of the attached pleading without cost.

This done, the 25 of April, 2002.

_____
The Honorable Sally Shushan
Magistrate, Eastern District, Louisiana


## ORDER

The Court hereby **DENIES** plaintiff Dan L. Bright indigent status, and authorizes the filing of the attached pleading at cost.

This done, the ___ of _____, 2002.

DATE OF ENTRY
APR 29 2002

_____
The Honorable Sally Shushan
Magistrate, Eastern District, Louisiana

___ Fee _____
___ Process ___
_X_ Dktd ____
___ CtRmDep ___
___ Doc. No. 2